IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Case No. 5:11-CV-00314-FL

David Timothy Faircloth,
    Plaintiff,

v.

D. M. Pietras, Wendy Lancaster, Robert DeLeo, each in their individual and official capacities, and the City of Raleigh,
    Defendants

## AMENDED COMPLAINT

COMES NOW plaintiff, through counsel, and for his amended complaint states as follows:

1. On or about May 4, 2010, without legal cause or justification, David Timothy Faircloth was detained, searched and criminally charged by the Raleigh Police Department for failure to disclose to an officer that he had a concealed carry permit and was carrying a concealed weapon. This occurred despite the fact that Mr. Faircloth's weapon was not concealed and that, even if it had been, he presented his concealed carry permit to the officer.

### Jurisdiction and Venue

2. The acts complained of occurred in Wake County, North Carolina.

3. Jurisdiction of the court is invoked pursuant to N.C. Const. Art. IV, § 12 and N.C. Gen. Stat. §§ 7A-3, 7A-240, and 7A-243. Plaintiff seeks damages in excess of $10,000.00 on each of the state law claims.

### Parties

4. Plaintiff is a resident of Harnett County, North Carolina.

5. Defendant D.M. Pietras is, on information and belief, a resident of Johnston County, North

Carolina. At all times relevant to this action, he was an employee of the City of Raleigh Police Department. He is sued in his individual and official capacities for acts taken under color of law within the scope of his employment. Because the actions of defendant Pietras as described herein were intentional, willful, wanton, and outside his lawful authority, he is not entitled to any public officer or governmental immunity that might otherwise shield him from liability under the claims alleged herein.

6. At all times relevant to this action, Defendant Wendy Lancaster was an employee of the City of Raleigh Police Department. She is sued in her individual and official capacities for acts taken under color of law within the scope of her employment. Because the actions of defendant Lancaster as described herein were intentional, willful, wanton, and outside her lawful authority, she is not entitled to any public officer or governmental immunity that might otherwise shield her from liability under the claims alleged herein.

7. Defendant DeLeo is, on information and belief, a resident of Wake County, North Carolina. At all times relevant to this action, he was an employee of the City of Raleigh Police Department. He is sued in his individual and official capacities for acts taken under color of law within the scope of his employment. Because the actions of defendant DeLeo as described herein were intentional, willful, wanton, and outside his lawful authority, he is not entitled to any public officer or governmental immunity that might otherwise shield him from liability under the claims alleged herein.

8. The City of Raleigh is a municipal corporation organized under the laws of the state of North Carolina and capable under state statute of bringing and defending lawsuits, including claims involving its police department. It is vicariously liable for the wrongful acts of the above-named defendants under North Carolina law, as the defendant officers were acting as agents

of the City of Raleigh, within the scope of their employment at all times relevant to this action. On information and belief, the City of Raleigh has purchased insurance, either by contract with an insurance company or by participation in an insurance risk pool, that covers the claims raised in this action and has thereby waived any defense of sovereign or governmental immunity.

9. In the event that the law enforcement liability coverage does not waive the governmental immunity of defendants Pietras, Lancaster, and DeLeo, plaintiff lacks an adequate remedy under state law and therefore asserts a cause of action for the violation of his rights under Article I, §19 and Article XI, §1 of the North Carolina Constitution against defendants Pietras, Lancaster, and DeLeo in their official capacities. *See Craig v. New Hanover Bd. of Educ.*, 363 N.C.334, 678 S.E.2d 351 (2009).

### Facts

10. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this complaint.
11. On May 4, 2010, plaintiff was operating his work truck on McDowell Street in Raleigh.
12. On May 4, 2010, plaintiff had a valid concealed weapons carry permit.
13. On May 4, 2010, plaintiff had a pistol sitting in plain and open view on the front seat of his truck, exercising his legal right to carry his firearm openly under the laws of the state of North Carolina.
14. Defendants Pietras and DeLeo pulled plaintiff over.
15. Defendant Pietras approached the open window on the driver's side of plaintiff's truck.
16. As he approached, defendant Pietras started speaking, stating that he had pulled plaintiff over due to an expired registration.
17. Plaintiff had both hands resting on the top of the steering wheel of the truck in plain view

of defendant Pietras as the officer approached up the side of the truck. In plaintiff's hands was his wallet, from which he was removing his driver's license and concealed carry permit.

18. Upon coming abreast of the open window, defendant saw plaintiff's pistol on the seat of his truck, stepped back and spoke into his shoulder microphone.

19. Plaintiff attempted to hand defendant Pietras his driver's license and concealed carry permit.

20. Without warning or verbal command, defendant Pietras grabbed plaintiff's arm, holding it extended outside of the window of the truck.

21. Defendant Pietras ordered plaintiff to exit the truck and maintained a grip on his arms as he did so.

22. Once out of the truck, defendant Pietras took plaintiff's driver's license and concealed carry permit.

23. Defendant Pietras led plaintiff by his arms to the middle of the sidewalk of McDowell Street and ordered plaintiff to stand, spread-eagled, while defendant Pietras invasively searched him.

24. Defendant DeLeo removed plaintiff's pistol from the truck, cleared it, and placed the parts of the pistol on the top of the cab of the plaintiff's truck.

25. Defendant DeLeo proceeded to search plaintiff's truck without plaintiff's consent.

26. Defendant Pietras issued plaintiff a North Carolina Uniform Citation, charging plaintiff with driving with an expired registration and with failing to disclose that he had a concealed carry permit.

27. Defendant Pietras advised plaintiff that it was the policy of the Raleigh Police Department that people charged with failure to disclose a concealed carry permit were to be taken into custody.

28. Defendant Pietras advised plaintiff that he was not going to transport him to the jail, but that he was going to confiscate his pistol.

29. Defendants Pietras and DeLeo had plaintiff's pistol in their vehicle and refused to return it to plaintiff.

30. Defendant returned plaintiff's driver's license and concealed carry permit to him with the citation.

31. During the encounter with the plaintiff, the defendants detained plaintiff for a period in excess of forty five (45) minutes.

32. The citation issued against plaintiff was dismissed by the District Court of Wake County on June 9, 2010.

33. On or about June 10, 2011, and thereafter, defendant Lancaster unreasonably refused to return plaintiff's unlawfully confiscated firearm to him upon request, and instead required plaintiff to comply with onerous, but unspecified Raleigh Police Department policies.

34. Plaintiff never consented to having his arms grabbed, his person seized, or being removed from his truck.

35. Plaintiff never consented to the search of his person.

36. Plaintiff never consented to the search of his truck.

37. Plaintiff never consented to the seizure of his firearm.

38. At all times material hereto, the defendants were implementing and following the policies and procedures of the Raleigh Police Department.

39. At all times material hereto, the defendants were acting in concert with each other.

40. Plaintiff suffered compensable damages as a result of the conduct of defendants Pietras, Lancaster, and DeLeo.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure

41. Plaintiff re-alleges and incorporates, by reference, all preceding paragraphs of this complaint.

42. The actions of defendants Pietras, Lancaster, and DeLeo described herein constituted the unlawful detention of plaintiff, the unlawful search of his person and vehicle, and the unlawful seizure of his personal property - all in violation of plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution, which is applicable to the states under the Fourteenth Amendment.

43. The actions complained of were taken under color of state law and are thus actionable pursuant to 42 U.S.C. §1983.

44. As a direct and proximate result of this conduct, plaintiff suffered compensable damages.

45. Defendants Pietras and DeLeo detained, seized, and searched plaintiff without probable cause, and in deliberate, willful and/or wanton disregard for plaintiff's Fourth Amendment rights.

46. Defendant Lancaster refused to return plaintiff's property without legal justification, and in deliberate, willful and/or wanton disregard for plaintiff's Fourth, Fifth and Second Amendment rights.

47. The actions complained of herein were objectively unreasonable.

48. Plaintiff seeks and is entitled to recover compensatory damages.

49. Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF

### Violation of Right to Keep and Bear Arms and Due Process of Law

50. Plaintiff re-alleges and incorporates, by reference, all preceding paragraphs of this complaint.

51. During the encounter with plaintiff, the defendants never had a reasonable belief that there was criminal activity afoot, that plaintiff had committed a crime, or that plaintiff was about to commit a crime.

52. The actions of defendants Pietras and DeLeo described herein, constituted the unlawful violation of plaintiff's Right to Keep and Bear Arms, guaranteed by the Second Amendment to the U.S. Constitution, in that defendants Pietras and DeLeo detained and searched plaintiff without legal justification based on his lawful possession of a firearm, and that defendants Pietras and DeLeo seized plaintiff's personal property (his firearm) based on his lawful possession of a firearm.

53. The actions of defendant Lancaster described herein constituted the unlawful violation of plaintiff's Right to Keep and Bear Arms, guaranteed by the Second Amendment to the U.S. Constitution, in that defendant Lancaster seized and refused to return plaintiff's property without legal justification.

54. Defendants' seizure of plaintiff's personal property and failure to promptly return said property, violated plaintiff's rights protected by the Second, Fifth and Fourteenth Amendments to the United States Constitution.

55. The actions complained of were taken under color of state law and are thus actionable pursuant to 42 U.S.C. §1983.

56. As a direct and proximate result of this conduct, plaintiff suffered compensable damages.

57. Defendants' actions were in deliberate, willful or wanton disregard for plaintiff's Second

Amendment rights.

58. The actions complained of herein were objectively unreasonable.

59. Plaintiff seeks and is entitled to recover compensatory damages.

60. Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF

### Trespass by Public Officer

61. Plaintiff re-alleges and incorporates, by reference, all preceding paragraphs of this complaint.

62. The actions of defendants Pietras and DeLeo constituted trespass by a public officer against plaintiff, including false imprisonment and assault and battery.

63. The actions of defendants Pietras and DeLeo in detaining and seizing plaintiff without reasonable suspicion, probable cause or legal justification constituted false imprisonment. The actions of defendants Pietras grabbing plaintiff under the circumstances constituted assault and battery.

64. The conduct of defendants Pietras and DeLeo was deliberate, grossly negligent, in bad faith, intentional, corrupt, malicious, wanton, willful, done with conscious or reckless disregard for the rights and safety of others, and/or beyond the scope of their lawful authority.

65. The conduct of defendants Pietras and DeLeo was unreasonable under the circumstances, was excessive, inappropriate in response to the situation at hand, beyond their statutory authority, and done needlessly, manifesting a reckless indifference to the health, safety, and rights of plaintiff.

66. The conduct of defendants Pietras and DeLeo proximately and directly caused the foreseeable harm suffered by plaintiff.

67. The actions complained of were objectively unreasonable.

68. Plaintiff seeks, and is entitled to recover, compensatory damage in excess of ten thousand dollars ($10,000) for defendants' conduct.

69. Defendants Pietras and DeLeo acted with deliberate, willful, and wanton disregard of the rights and privileges of plaintiff, entitling him to punitive damages.

## FOURTH CLAIM FOR RELIEF

### Negligence and Gross Negligence

70. Plaintiff re-alleges and incorporates, by reference, all preceding paragraphs of this complaint.

71. Plaintiff's injuries were caused by actions of defendants that were willful, wanton, deliberate, and/or grossly negligent; were excessive and inappropriate under the circumstances; were done with conscious and/or reckless disregard for rights of plaintiff; exceeded accepted police practice; and were in violation of the laws of the state of North Carolina.

72. The conduct of defendants proximately and directly caused the foreseeable harm suffered by plaintiff.

73. The wrongful conduct of defendants occurred in the course and scope of their employment. Their negligence is imputed to the City of Raleigh under the principles of *respondeat superior* and ratification.

74. The City of Raleigh Police Department was negligent in that it failed to establish reasonable procedures concerning police encounters with citizens lawfully exercising their constitutional rights to keep and bear firearms.

75. This violation of generally accepted law enforcement custom and practice was the direct and proximate result of grossly inadequate supervisory and training policies and practices on the part of the City of Raleigh Police Department, and was a direct and proximate cause of plaintiff's injuries, including the violation of his rights.

76. Plaintiff seeks, and is entitled to recover, compensatory damage in excess of ten thousand dollars ($10,000) for defendants' conduct.

77. Defendants Pietras and DeLeo acted with deliberate, willful, and wanton disregard of the rights and privileges of plaintiff, entitling him to punitive damages.

## FIFTH CLAIM FOR RELIEF

### Malicious Prosecution

78. Plaintiff re-alleges and incorporates, by reference, all preceding paragraphs of this complaint.

79. Defendants caused a prosecution to be brought against plaintiff in the District Court of Wake County in Case No. 10 CR 732358, violation of N.C. Gen. Stat. 14-415.21(a), failing to disclose to a law enforcement officer, when approached that defendant holds a valid concealed carry permit and is carrying a concealed handgun.

80. The citation issued by defendants, causing the institution of Case No. 10 CR 732358, was issued maliciously and without probable cause.

81. Case No. 10 CR 732358 terminated in plaintiff's favor.

82. As a direct and proximate result of the defendants' acts, plaintiff has suffered compensable damages in an amount to be proven at trial.

83. Plaintiff seeks, and is entitled to recover, compensatory damage in excess of ten thousand dollars ($10,000) for defendants' conduct.

84. Defendants Pietras and DeLeo acted with deliberate, willful, and wanton disregard of the rights and privileges of plaintiff, entitling him to punitive damages.

## JURY TRIAL DEMAND

85. Plaintiffs hereby demand a trial by a jury of their peers in the Superior Court of Wake County.

WHEREFORE, plaintiff prays that the court award him:

(1) Declare the actions complained of herein to be illegal;

(2) Compensatory damages for plaintiff in excess of ten thousand ($10,000) dollars on each of his claims, including damages for humiliation, physical and emotional distress, mental anguish, defamation of character, unlawful loss of liberty, and other compensable injuries;

(3) Punitive damages in an amount to be determined at trial;

(4) Attorneys fees and costs incurred in prosecuting this lawsuit; and

(5) Any other relief that the court deems fair and just.

/s/ Dan L. Hardway
Attorney for Plaintiff
DAN L. HARDWAY LAW OFFICE
PO Box 1898
Angier, NC 27501-1898
Phone: 919-639-7145
Fax: 919-341-2331
Email: dan@hardwaylaw.com
NC Bar Number 28563
LR 83.1 Counsel