IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-00314-FL

| | |
|---|---|
| DAVID TIMOTHY FAIRCLOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **CITY OF RALEIGH'S ANSWER TO** |
| D.M. PIETRAS, WENDY LANCASTER, ) | **AMENDED COMPLAINT** |
| ROBERT DELEO, each in their individual and ) | |
| official capacities, and THE CITY OF ) | |
| RALEIGH, ) | |
| ) | |
| Defendants ) | |

NOW COMES the City of Raleigh (hereinafter, the "City") by and through undersigned counsel, and offers this response to Plaintiff's Amended Complaint.

**FIRST DEFENSE**

As its first defense, and in response to the numbered allegations of Plaintiff's Amended Complaint, the City alleges and says:

1. It is admitted that on or about May 4, 2010, Plaintiff was issued citations by a City of Raleigh police officer for operating a vehicle on a public roadway bearing an expired registration plate; and failing as required by North Carolina law when approached and addressed by a law enforcement officer, to declare that he was then in possession of a concealed .45 caliber loaded semi-automatic pistol for which he held a concealed carry permit. Except as admitted herein, these allegations are denied.

2. Admitted.

3. These allegations constitute legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, these allegations are denied.

1

4. Admitted upon information and belief.

5. It is admitted that at all times relevant to this action, Officer D. M. Pietras (hereinafter, "Officer Pietras") was an employee of the City of Raleigh Police Department. Except as admitted herein, these allegations are denied.

6. It is admitted that at all times relevant to this action, Wendy Lancaster was an employee of the City of Raleigh Police Department. Except as admitted herein, these allegations are denied.

7. It is admitted that at all times relevant to this action, Officer Robert DeLeo (hereinafter, "Officer DeLeo") was an employee of the City of Raleigh Police Department. Except as admitted herein, these allegations are denied.

8. It is admitted that the City of Raleigh is a municipal corporation and is organized and exists pursuant to and in accordance with the laws of North Carolina. It is further admitted that the City has purchased liability insurance providing certain coverage for certain claims in excess of one million dollars ($1,000,000.00) and with a limit of liability of ten million dollars ($10,000,000.00). For all claims under one million dollars ($1,000,000.00), the City is wholly self-insured and has not waived its immunity through the purchase of insurance. Upon information and belief, the City's insurance policy provides no indemnification for Plaintiff's claims, and the City has not waived its immunity for Plaintiff's claims through the purchase of insurance. Except as admitted herein, these allegations are denied.

9. These allegations constitute legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, these allegations are denied.

10. The City re-alleges and incorporates herein by reference its responses to all preceding paragraphs.

11. Admitted upon information and belief.

12. Admitted upon information and belief.

13. It is admitted upon information and belief that when Officer Pietras approached Plaintiff's vehicle, Plaintiff's loaded .45 caliber semi-automatic pistol was concealed beneath the center arm rest of Plaintiff's vehicle adjacent to Plaintiff's right leg. Except as admitted herein, these allegations are denied.

14. Admitted upon information and belief.

15. It is admitted upon information and belief that Officer Pietras approached Plaintiff's vehicle and stopped when he reached the front driver's side window of Plaintiff's truck. Except as admitted herein, these allegations are denied.

16. It is admitted upon information and belief that Officer Pietras approached Plaintiff's vehicle and stopped when he reached the front driver's side window of Plaintiff's truck. While standing at Plaintiff's front driver's side window, Officer Pietras introduced himself, advised Plaintiff that he was being stopped due to an expired vehicle registration, and asked Plaintiff to produce his driver's license and vehicle registration. Except as admitted herein, these allegations are denied.

17. It is admitted upon information and belief that Plaintiff responded to Officer Pietras that his identification was in his pocket, and Plaintiff shifted and reached toward his right side in an apparent effort to retrieve his identification. Except as admitted herein, these allegations are denied.

18. It is admitted upon information and belief that Officer Pietras approached Plaintiff's vehicle and stopped when he reached the front driver's side window of Plaintiff's truck. While standing at Plaintiff's front driver's side window, Officer Pietras introduced

3

himself, advised Plaintiff that he was being stopped due to an expired vehicle registration, and asked Plaintiff to produce his driver's license and vehicle registration. It is further admitted upon information and belief that Plaintiff responded to Officer Pietras that his identification was in his pocket, and Plaintiff shifted and reached toward his right side in an apparent effort to retrieve his identification. It is admitted upon information and belief that as Plaintiff shifted to retrieve his identification, his right leg moved revealing the butt of a black semi-automatic pistol concealed beneath the vehicle's center arm rest and against Plaintiff's right leg. Upon information and belief, when Officer Pietras observed the semi-automatic pistol, he ordered Plaintiff to place both of his hands on the top of his steering wheel. Upon information and belief, Plaintiff complied, but had not yet declared that he had a concealed semi-automatic pistol in his immediate possession. Upon information and belief, Officer Pietras asked Plaintiff if he had a permit for the concealed semi-automatic pistol, and Plaintiff responded that he did. Upon information and belief, Officer Pietras advised Plaintiff that he was obligated by law when approached and addressed by a law enforcement officer, to disclose that he possessed a concealed handgun and held a valid permit to carry the concealed handgun. Upon information and belief, Officer Pietras asked Plaintiff why he had failed to declare the presence of the concealed semi-automatic pistol, and Plaintiff responded that he had forgotten that he was required to do so. Except as admitted herein, these allegations are denied.

19. It is admitted upon information and belief that Officer Pietras accepted Plaintiff's driver's license and concealed handgun permit. Except as admitted herein, these allegations are denied.

20. These allegations are denied upon information and belief.

21. It is admitted upon information and belief that after Plaintiff failed to declare that he possessed a concealed semi-automatic pistol, Officer Pietras ordered Plaintiff to exit the vehicle. It is further admitted upon information and belief that Officer Pietras, in a manner which was consistent with his law enforcement training, maintained physical contact with Plaintiff in order to guide him out of the vehicle and away from the concealed semi-automatic pistol to a position at the rear of the vehicle. Except as admitted herein, these allegations are denied.

22. It is admitted upon information and belief that Officer Pietras accepted Plaintiff's driver's license and concealed handgun permit. Except as admitted herein, these allegations are denied.

23. It is admitted upon information and belief that after Plaintiff failed to declare that he possessed a concealed semi-automatic pistol, and after Plaintiff had been taken to a position away from the concealed semi-automatic pistol, Officer Pietras or Officer DeLeo conducted a brief and reasonable pat-down search of Plaintiff's person for additional concealed weapons or contraband. Except as admitted herein, these allegations are denied.

24. It is admitted upon information and belief that Officer Pietras or Officer DeLeo removed from underneath the center armrest of Plaintiff's vehicle and made secure a black "IWI" .45 caliber Desert Eagle semi-automatic pistol holstered in a black tactical style holster. Upon information and belief, when Plaintiff's semi-automatic pistol was removed from underneath the center armrest of his vehicle, the hood of Plaintiff's holster was found unfastened and the semi-automatic pistol contained a loaded magazine. Upon information and belief, the holster held an additional magazine containing rounds of ammunition, and a total of fourteen

5

(14) rounds of .45 caliber ammunition was recovered from the two (2) magazines. Except as admitted herein, these allegations are denied.

25. It is denied, upon information and belief, that Officer Pietras or Officer DeLeo conducted a search of Plaintiff's vehicle. However, it is admitted upon information and belief, that after Plaintiff failed to declare that he possessed a concealed semi-automatic pistol, Officer Pietras or Officer DeLeo removed and secured a loaded black "IWI" .45 caliber Desert Eagle semi-automatic pistol and an additional magazine from beneath the center armrest of Plaintiff's vehicle. These allegations are denied to the extent that they assert or imply that Officer Pietras or Officer DeLeo conducted an illegal or unlawful search of Plaintiff's vehicle. Except as admitted herein, these allegations are denied.

26. It is admitted upon information and belief, that Officer Pietras issued citations to Plaintiff for operating a vehicle on a public roadway bearing an expired registration plate; and failing as required by North Carolina law when approached and addressed by a law enforcement officer, to declare that he was then in possession of a concealed .45 caliber loaded semi-automatic pistol for which he held a concealed carry permit. Except as admitted herein, these allegations are denied.

27. The City lacks information sufficient to form a belief as to the truth or falsity of these allegations. Therefore, these allegations are denied.

28. It is admitted upon information and belief that Plaintiff was cited and released, but that his semi-automatic pistol was maintained in police custody and placed into evidence pending resolution of the citation for failing to declare possession of a concealed handgun and concealed carry permit. Except as admitted herein, these allegations are denied.

6

29. It is admitted upon information and belief that Plaintiff was cited and released, but that his semi-automatic pistol was maintained in police custody and placed into evidence pending resolution of the citation for failing to declare possession of a concealed handgun and concealed carry permit. Except as admitted herein, these allegations are denied.

30. Admitted upon information and belief.

31. These allegations are denied upon information and belief.

32. It is admitted upon information and belief that the citations issued to Plaintiff on May 4, 2010 were dismissed, that the order of dismissal concerning these citations speaks for itself, and that the order of dismissal is the best evidence of its contents. The City lacks information sufficient to form a belief as to the specific circumstances of the dismissal of the citations. These allegations are denied to the extent that they assert or imply that the citations issued to Plaintiff were unsupported by probable cause. Except as admitted herein, these allegations are denied.

33. It is admitted upon information and belief that on or about June 20, 2010, Plaintiff attempted to regain custody of his semi-automatic pistol from the Raleigh Police Department. Upon information and belief, Plaintiff was advised that his handgun would be released upon completion of a Firearm Release Information Form, background check, and production of a court order or consent of the officer who placed the firearm into evidence. Except as admitted herein, these allegations are denied.

34. It is denied upon information and belief that Officer Pietras or Officer DeLeo grabbed Plaintiff's arms or forcibly removed Plaintiff from his vehicle. It is admitted upon information and belief that after Plaintiff failed to declare that he possessed a concealed semi-automatic pistol, Plaintiff was persuaded to exit his vehicle leaving his semi-automatic pistol in

its position beneath the center armrest. It is further admitted upon information and belief that one or both officers, in a manner consistent with their law enforcement training, may have maintained physical contact with Plaintiff to ensure that he exited his vehicle safely. It is further admitted upon information and belief that Plaintiff was briefly and reasonably detained during an investigation supported by reasonable suspicion and probable cause. Except as admitted herein, these allegations are denied.

35. It is admitted upon information and belief that probable cause existed to make a custodial arrest of Plaintiff and that Officer Pietras or Officer DeLeo conducted a brief and reasonable pat-down search of Plaintiff's person for additional concealed weapons or contraband. These allegations are expressly denied to the extent that they assert or imply that Officer Pietras or Officer DeLeo conducted an illegal or unlawful search of Plaintiff's person, and except as admitted herein, these allegations are denied.

36. It is denied, upon information and belief, that Officer Pietras or Officer DeLeo conducted a search of Plaintiff's vehicle. However, it is admitted upon information and belief, that after Plaintiff failed to declare that he possessed a concealed semi-automatic pistol as required by North Carolina law, Officer Pietras or Officer DeLeo removed and secured a loaded black "IWI" .45 caliber Desert Eagle semi-automatic pistol and an additional magazine from beneath the center armrest of Plaintiff's vehicle. These allegations are denied to the extent that they assert or imply that Officer Pietras or Officer DeLeo conducted an illegal or unlawful search of Plaintiff's vehicle, and except as admitted herein, these allegations are denied.

37. It is admitted upon information and belief that Plaintiff was cited and released, but that his semi-automatic pistol was maintained in police custody and placed into evidence

8

pending resolution of the citation for failing to declare possession of a concealed handgun and concealed carry permit. Except as admitted herein, these allegations are denied.

38. It is admitted upon information and belief that at all times relevant herein, Officer Pietras, Officer DeLeo, and Ms. Lancaster were acting in a manner generally consistent with their job duties as employees of the City of Raleigh Police Department. It is denied that the City of Raleigh Police Department has policies and procedures which dictate the actions of employees in every specific situation that employees may confront during the course of their duties. Except as admitted herein, these allegations are denied.

39. It is admitted upon information and belief that at all times relevant herein, Officer Pietras, Officer DeLeo, and Ms. Lancaster were acting in a manner generally consistent with their job duties as employees of the City of Raleigh Police Department. These allegations are denied to the extent that they assert or imply that Officer Pietras, Officer DeLeo, and Ms. Lancaster were acting pursuant to any common agreement, understanding, or goal intended or reasonably likely to violate Plaintiff's rights in any way. Except as admitted herein, these allegations are denied.

40. These allegations are denied.

41. The City re-alleges and incorporates herein by reference its responses to all preceding paragraphs.

42. These allegations are denied.

43. These allegations are denied.

44. These allegations are denied.

45. These allegations are denied.

46. These allegations are denied.

47. These allegations are denied.

48. Plaintiff's prayer for relief speaks for itself. Except as admitted herein, these allegations are denied.

49. Plaintiff's prayer for relief speaks for itself. Except as admitted herein, these allegations are denied.

50. The City re-alleges and incorporates herein by reference its responses to all preceding paragraphs.

51. These allegations are denied.

52. These allegations are denied.

53. These allegations are denied.

54. These allegations are denied.

55. These allegations are denied.

56. These allegations are denied.

57. These allegations are denied.

58. These allegations are denied.

59. Plaintiff's prayer for relief speaks for itself. Except as admitted herein, these allegations are denied.

60. Plaintiff's prayer for relief speaks for itself. Except as admitted herein, these allegations are denied.

61. The City re-alleges and incorporates herein by reference its responses to all preceding paragraphs.

62. These allegations are denied.

63. These allegations are denied.

10

Case 5:11-cv-00314-FL   Document 31   Filed 07/25/11   Page 10 of 18

64. These allegations are denied.

65. These allegations are denied.

66. These allegations are denied.

67. These allegations are denied.

68. Plaintiff's prayer for relief speaks for itself. Except as admitted herein, these allegations are denied.

69. These allegations are denied.

70. The City re-alleges and incorporates herein by reference its responses to all preceding paragraphs.

71. These allegations are denied.

72. These allegations are denied.

73. These allegations are denied.

74. These allegations are denied.

75. These allegations are denied.

76. Plaintiff's prayer for relief speaks for itself. Except as admitted herein, these allegations are denied.

77. These allegations are denied.

78. The City re-alleges and incorporates herein by reference its responses to all preceding paragraphs.

79. These allegations are denied.

80. These allegations are denied.

81. It is admitted upon information and belief that the citations issued to Plaintiff on May 4, 2010 were dismissed, that the order of dismissal concerning these citations speaks for

11

itself, and that the order of dismissal is the best evidence of its contents. The City lacks information sufficient to form a belief as to the specific circumstances of the dismissal of the citations. These allegations are denied to the extent that they assert or imply that the citations issued to Plaintiff were unsupported by probable cause. Except as admitted herein, these allegations are denied.

82. These allegations are denied.

83. Plaintiff's prayer for relief speaks for itself. Except as admitted herein, these allegations are denied.

84. These allegations are denied.

85. Plaintiff's prayer for relief speaks for itself. Except as admitted herein, these allegations are denied. Except as specifically admitted herein, each and every allegation contained in Plaintiff's Amended Complaint, including the allegations of Plaintiff's Prayer for Relief, is denied.

## SECOND DEFENSE

The individual defendants herein acted in accordance with law, including the laws applicable to search, seizure and due process. The City pleads the lawful conduct of the individual defendants in bar to Plaintiff's claims.

## THIRD DEFENSE

Plaintiff's action is barred by N.C. Gen. Stat. § 15A-231.

## FOURTH DEFENSE

The City and the supervisory employees of the City of Raleigh Police Department have implemented policies concerning search, seizure, and the rights of possible criminal suspects, detainees, and arrestees. The City and the supervisory employees of the City of Raleigh Police

Department have conducted appropriate training of sworn City of Raleigh Police Department officers and civilian employees, including the individual defendants herein. The City's policies, customs, and training comport with the United States and North Carolina Constitutions and are pled in bar of any recovery by Plaintiff in this action.

## FIFTH DEFENSE

If any individual defendant herein acted unreasonably, tortiously, or unlawfully, which is expressly denied, then such wrongful conduct was an isolated and unforeseeable occurrence insufficient to support Plaintiff's claims against the City under the State or Federal Constitution.

## SIXTH DEFENSE

No act or actionable omission by the City was the proximate cause of any of the alleged violations or damages Plaintiff seeks to recover.

## SEVENTH DEFENSE

If any defendant was negligent or grossly negligent, which is expressly denied, then Plaintiff by his own negligence and gross negligence contributed to the injuries and damages described in the Amended Complaint in the following particulars:

a. In violation of North Carolina law, when approached and addressed by a law enforcement officer, Plaintiff failed to declare to the officer that he was in immediate possession of a concealed .45 caliber loaded semi-automatic pistol for which he held a concealed carry permit;

b. Plaintiff operated a vehicle on a public roadway bearing an expired registration plate; and

c. Plaintiff was negligent in other ways that will be revealed in discovery and shown at trial.

Plaintiff, through his own negligence and gross negligence, knowingly exposed himself to circumstances and conditions which he now alleges proximately caused or contributed to the damages or losses upon which he seeks to recover from defendants. Thus, the City specifically

pleads Plaintiff's contributory negligence and gross negligence in bar of any right to recover in this action.

**EIGHTH DEFENSE**

The City of Raleigh is a municipal corporation, and law enforcement is a governmental function. The City and its law enforcement employees, in their official capacity, possess governmental immunity. The City has not waived its governmental immunity and this immunity bars Plaintiff's common law claims.

**NINTH DEFENSE**

The City pleads all other applicable immunities, including all qualified and absolute immunities, to which these Defendants are entitled by operation of law in bar of Plaintiff's right to recover herein.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is in violation of the Constitution of the United States in that it seeks to deprive this defendant of property without due process of law, violates the Constitution's provisions concerning equal protection, and violates the Constitution's prohibition against the imposition of excessive fines.

**ELEVENTH DEFENSE**

No statutory basis exists to support an award of punitive damages against the City arising out of negligence or constitutional claims.

**TWELFTH DEFENSE**

Plaintiff's claims for punitive damages are barred or limited by Chapter 1D of the North Carolina General Statutes and by common law principles.

**THIRTEENTH DEFENSE**

To the extent that Plaintiff claims that any statements provided by Officer Pietras, Officer DeLeo, or Ms. Lancaster during the course of any investigation, court proceeding, or hearing, including testimony before a magistrate or grand jury, was inaccurate, false, or fabricated, which is strenuously denied, the City pleads that said claims are barred in whole or in part by all applicable immunities and privileges applying to said proceedings and testimony, including qualified and absolute immunity.

**FOURTEENTH DEFENSE**

As adequate State remedies exist for the matters described in the Amended Complaint, Plaintiff's claims pursuant to the North Carolina Constitution are barred as a matter of law.

**FIFTEENTH DEFENSE**

The Defendants did not owe any specific duties to Plaintiff on the dates in question, and therefore breached no duties.

**SIXTEENTH DEFENSE**

Officer Pietras's and Officer DeLeo's actions concerning Plaintiff on May 4, 2010 were valid, lawful, reasonable, and supported by reasonable suspicion, probable cause, and just cause. Reasonable suspicion, probable cause, and just cause are pled in bar of this action.

**SEVENTEENTH DEFENSE**

Legal justification is pled as an affirmative defense in bar of Plaintiff's right to recover in this action.

**EIGHTEENTH DEFENSE**

Officer Pietras, Officer DeLeo, and Ms. Lancaster complied in good faith with all applicable laws and regulations and, having so complied, acted without improper motive. Any

injury accruing to Plaintiff, the existence of which is specifically denied, is therefore not actionable as to any defendant.

## NINETEENTH DEFENSE

Plaintiff's own actions at the time in question caused his alleged but denied damages and are specifically pled in bar of Plaintiff's right to recover any damages herein.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-FIRST DEFENSE

Plaintiff claims that Officer Pietras, Officer DeLeo, and Ms. Lancaster acted maliciously or corruptly in connection with the matters described in the Complaint. These allegations are expressly and strenuously denied. Malicious and corrupt actions are outside the scope of employment of Officer Pietras, Officer DeLeo, and Ms. Lancaster and would obviate vicarious liability in this action. If a jury determines that Officer Pietras, Officer DeLeo, or Ms. Lancaster acted maliciously or corruptly, then the City has no vicarious liability in this action.

## TWENTY-SECOND DEFENSE

The City incorporates herein by reference all defenses asserted by any individually named defendant who appears in this action.

## JURY DEMAND

The City does not request a trial by jury on issues related to insurance or immunity. The City does, however, request a jury trial on all other issues of fact so triable herein.

WHEREFORE having responded to the numbered allegations of Plaintiff's Complaint, the City of Raleigh respectfully prays this Court for the following:

1. That Plaintiff have and recover nothing from the City;

2. That Plaintiff's prayer for relief be denied in its entirety;

3. That the costs of this action, including reasonable attorney's fees, be taxed against the Plaintiff; and

4. That the Court grant the City such other and further relief as it deems just and proper.

This the 25th day of July, 2011.

        **CITY OF RALEIGH**
        **Thomas A. McCormick**
        **City Attorney**

By:   /s/ Hunt K. Choi
       HUNT K. CHOI
       Deputy City Attorney
       NC State Bar No. 24172

       /s/ Nicolette Fulton
       NICOLETTE FULTON
       Associate City Attorney
       NC State Bar No. 33930
       Post Office Box 590
       Raleigh, North Carolina 27602
       Telephone: (919) 831-6560
       Facsimile: (919) 857-4453
       Email: hunt.choi@ raleighnc.gov
       Email: nicolette.fulton@raleighnc.gov

       ATTORNEYS FOR CITY OF RALEIGH

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached document on all of the parties to this action by depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the parties or attorney for each party as follows:

| | |
|---|---|
| Dan L. Hardway, Esq.<br>Counsel for Plaintiff<br>P. O. Box 1898<br>Angier, NC 27501 | Kathrine E. Fisher, Esq.<br>Yates, McLamb & Weyher, LLP<br>Counsel for Defendant DeLeo<br>P.O. Box 2889<br>Raleigh, NC 27602-2889 |
| Patricia L. Holland, Esq.<br>Paul S. Holscher, Esq.<br>Jackson Lewis, LLP<br>Counsel for Defendant Pietras<br>1400 Crescent Green Drive, Suite 215<br>Cary, NC 27518 | Cathleen M. Plaut, Esq.<br>Bailey & Dixon, LLP<br>Counsel for Defendant Lancaster<br>434 Fayetteville Street, Suite 2500<br>Raleigh, North Carolina 27601 |

This the 26th day of July, 2011.

**CITY OF RALEIGH**
**Thomas A. McCormick**
**City Attorney**

By: /s/ Hunt K. Choi
HUNT K. CHOI
Deputy City Attorney
NC State Bar No. 24172

NICOLETTE FULTON
Associate City Attorney
NC State Bar No. 33930
Post Office Box 590
Raleigh, North Carolina 27602
Telephone: (919) 831-6560
Facsimile: (919) 857-4453
Email: hunt.choi@ raleighnc.gov
Email: nicolette.fulton@raleighnc.gov

ATTORNEYS FOR CITY OF RALEIGH