IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:11-CV-00314-FL

| | | |
|---|---|---|
| David Timothy Faircloth, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | **ANSWER OF D.M. PIETRAS** |
| D.M. Pietras, Wendy Lancaster, Robert | ) | **TO AMENDED COMPLAINT** |
| DeLeo, each in their individual and | ) | |
| official capacities, and the City | ) | |
| of Raleigh, | ) | |
| | ) | |
|     Defendants. | ) | |

NOW COMES Defendant D.M. Pietras (hereinafter "Defendant Pietras," "Officer Pietras" or "Pietras"), by and through his undersigned counsel, and responds to the allegations contained in Plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

Defendant Pietras hereby responds to the specifically numbered allegations contained in Plaintiff's Amended Complaint as follows:

1.    In response to the allegations contained in Paragraph 1 of the Amended Complaint, it is admitted that on May 4, 2010, Plaintiff was issued citations by Defendant Pietras for operating a vehicle on a public roadway bearing an expired registration plate; and failing as required by North Carolina law when approached and addressed by a law enforcement officer, to declare that he was then in possession of a concealed .45 caliber loaded semi-automatic pistol for which he held a concealed carry permit. Except as

admitted herein, the allegations contained in Paragraph 1 of the Amended Complaint are denied.

2.      The allegations contained in Paragraph 2 of the Amended Complaint are admitted, except that it is denied that the events complained of occurred in the fashion described by Plaintiff in his Amended Complaint, and this answering Defendant incorporates herein by reference his responses to the specific allegations contained in the Amended Complaint as if fully set forth herein.

3.      The allegations contained in Paragraph 3 of the Amended Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

4.      The allegations contained in Paragraph 4 of the Amended Complaint are admitted upon information and belief.

5.      It is admitted that Defendant Pietras is a resident of Johnston County, North Carolina.  Defendant Pietras further admits that he was a member of the City of Raleigh Police Department on May 4, 2011, 2010 and was an employee of the City of Raleigh. Defendant Pietras further admits that Plaintiff purports to sue Defendant Pietras in both his individual and official capacities, but it is denied that Defendant Pietras is liable to Plaintiff in any capacity.  The allegations contained in the fourth sentence of Paragraph 5 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in the fourth sentence of Paragraph 5 of the Amended Complaint, it is expressly denied that Defendant Pietras' actions were willful, wanton and/or outside his lawful authority.  Except as

2

expressly admitted, the allegations contained in Paragraph 5 of the Amended Complaint are denied.

6.     The allegations contained in Paragraph 6 of the Amended Complaint are directed towards a defendant other than this answering Defendant, and therefore no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations contained in Paragraph 6 are denied for lack of information or belief, or because certain of the allegations constitution legal conclusions to which no response is required.

7.     The allegations contained in the first and second sentences of Paragraph 7 of the Amended Complaint are admitted upon information and belief.  In response to the allegations contained in the third sentence of Paragraph 7 of the Amended Complaint, Defendant Pietras admits that Plaintiff purports to sue Defendant Robert DeLeo ("Defendant DeLeo") in both his individual and official capacities, but it is denied upon information and belief that Defendant DeLeo is liable to the Plaintiff in any capacity. The allegations contained in the fourth sentence of Paragraph 7 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in the fourth sentence of Paragraph 7 of the Amended Complaint, Defendant Pietras denies upon information and belief that Defendant DeLeo's actions were willful, wanton and/or outside his lawful authority.  All allegations not expressly admitted are hereby denied.

8.     The allegations contained in Paragraph 8 of the Amended Complaint are directed towards a defendant other than this answering Defendant, and therefore no

3

response is required of this answering Defendant. To the extent that a response is deemed required, the allegations contained in Paragraph 8 are denied for lack of information or belief, or because certain of the allegations constitution legal conclusions to which no response is required.

9. The allegations contained in Paragraph 9 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

## FACTS

10. Defendant Pietras realleges and incorporates herein by reference his responses to Paragraphs 1 through 9 of the Amended Complaint as if fully restated herein.

11. The allegations contained in Paragraph 11 of the Amended Complaint are admitted upon information and belief.

12. The allegations contained in Paragraph 12 of the Amended Complaint are admitted upon information and belief.

13. It is admitted that when Defendant Pietras approached Plaintiff's vehicle, Plaintiff's loaded .45 caliber semi-automatic pistol was concealed beneath the center arm rest of Plaintiff's vehicle adjacent to Plaintiff's right leg. Except as admitted, the remaining allegations contained in Paragraph 13 of the Amended Complaint are denied.

14. The allegations contained in Paragraph 14 of the Amended Complaint are admitted. In further response to the allegations contained in Paragraph 14 of the Amended Complaint, it is expressly admitted that on May 4, 2010, Defendant Pietras and

4

Defendant DeLeo initiated a traffic stop of Plaintiff because the registration for Plaintiff's truck was expired.

15.    It is admitted that on the date in question, after Defendants Pietras and DeLeo initiated the traffic stop because the registration for Plaintiff's truck was expired, Officer Pietras approached Plaintiff's vehicle and stopped when he reached the front driver's side window of the vehicle.  Except as admitted, denied as stated.

16.    It is admitted that Defendant Pietras approached Plaintiff's vehicle and stopped when he reached the front driver's side window; that Officer Pietras then introduced himself as being Officer Pietras of the Raleigh Police Department; that Officer Pietras advised Plaintiff that he was being stopped due to an expired vehicle registration; and that Officer Pietras asked Plaintiff to produce his driver's license and vehicle registration.  Except as expressly admitted, the remaining allegations contained in Paragraph 16 are denied.

17.    It is admitted that after stating to the Plaintiff that he had initiated the traffic stop due to an expired vehicle registration, Defendant Pietras then asked the Plaintiff if he had his driver's license and registration.  Except as expressly admitted, the allegations contained in Paragraph 17 are denied.

18.    It is admitted that on May 4, 2010, while Plaintiff was seated in his truck, he began to reach toward his right side at which time his right leg moved revealing the butt of a black semi-automatic pistol concealed beneath the vehicle's center arm rest and against Plaintiff's right leg.  It is further admitted that the pistol hidden beneath the center arm rest was a black Israel Weapon Industries Desert Eagle .45 caliber semi-automatic

5

pistol. It is also admitted that once Defendant Pietras observed the semi-automatic pistol, he immediately ordered Plaintiff to place both of his hands on top of his steering wheel. It is further admitted that Plaintiff complied with Defendant Pietras' order to place both of his hands on top of the steering wheel, but had not yet declared that he had a concealed semi-automatic pistol in his immediate possession. It is also admitted that Defendant Pietras then paused for a few moments in the hope that Plaintiff would declare that he was carrying a concealed handgun in his truck; however Plaintiff did not declare to Defendant Pietras that he had a concealed semi-automatic pistol in his immediate possession. It is also admitted that Defendant Pietras then asked Plaintiff if Plaintiff had a permit for the concealed semi-automatic pistol which was beneath the arm rest, and Plaintiff responded that he did. It is further admitted that Defendant Pietras then advised Plaintiff that Plaintiff was obligated by law when approached and addressed by a law enforcement officer to disclose that he possessed a concealed handgun and held a valid permit to carry the concealed handgun. Defendant Pietras then asked Plaintiff why he had failed to declare the presence of the concealed semi-automatic pistol, and Plaintiff responded that he had forgotten that he was required to do so. It is further admitted that Defendant Pietras then spoke to Defendant DeLeo via his shoulder microphone. Except as admitted, the remaining allegations contained in Paragraph 18 are denied.

19. It is admitted that Officer Pietras accepted Plaintiff's driver's license and concealed handgun permit. Except as admitted herein, the remaining allegations contained in Paragraph 19 are denied.

20.     The allegations contained in Paragraph 20 of the Amended Complaint are denied.

21.     It is admitted that after Plaintiff failed to declare that he possessed a concealed black Israel Weapon Industries Desert Eagle .45 caliber semi-automatic pistol hidden beneath the center arm rest of his vehicle, Defendant Pietras ordered Plaintiff to exit his vehicle.  It is further admitted that Officer Pietras, in a manner which was consistent with his law enforcement training, maintained physical contact with Plaintiff in order to guide him out of the vehicle and away from the concealed semi-automatic pistol to a position away from the vehicle.  Except as admitted, the remaining allegations contained in Paragraph 21 are denied.

22.     It is admitted that Officer Pietras accepted Plaintiff's driver's license and concealed handgun permit.  Except as admitted, the remaining allegations contained in Paragraph 22 are denied.

23.     It is admitted that after Plaintiff failed to declare that he possessed a concealed semi-automatic pistol, Officer Pietras escorted Plaintiff to the sidewalk of McDowell Street, to a position away from the concealed semi-automatic pistol, a location where Plaintiff could be safely searched for any additional semi-automatic weapons, other weapons or contraband on his person -- both for his own safety, as well as for the safety of Defendant DeLeo, Defendant Pietras and any citizens that might pass by.  It is also admitted that Defendant Pietras ordered Plaintiff to stand with his feet apart while a reasonable pat-down search of Plaintiff's person for any additional concealed weapons or

7

contraband was conducted. Except as expressly admitted, the remaining allegations contained in Paragraph 23 are denied.

24. It is admitted that Defendant DeLeo removed from underneath the center arm rest of Plaintiff's vehicle, and made secure, a black Israel Weapon Industries Desert Eagle .45 caliber semi-automatic pistol, which was found holstered in a black tactical style holster. It is further admitted that when the semi-automatic pistol was removed from underneath the center arm rest of Plaintiff's vehicle, the hood of Plaintiff's holster was found to be unfastened, and the semi-automatic pistol was found to contain a loaded magazine, which Officer DeLeo then unloaded. It is also admitted that the holster of Plaintiff's semi-automatic pistol held an additional magazine of ammunition. It is further admitted that a total of fourteen (14) rounds of .45 caliber ammunition were recovered from the two (2) magazines. Except as admitted, the remaining allegations contained in Paragraph 24 are denied.

25. It is admitted that after Plaintiff failed to declare that he possessed a concealed semi-automatic pistol, Officer DeLeo removed and secured a loaded black Israel Weapon Industries Desert Eagle .45 caliber semi-automatic pistol and two additional loaded magazines from beneath the center arm rest of Plaintiff's vehicle. The allegations contained in Paragraph 25 of the Amended Complaint are denied to the extent that they assert or imply that this answering Defendant or Officer DeLeo conducted an illegal or unlawful search of Plaintiff's vehicle. Except as admitted, the remaining allegations contained in Paragraph 25 are denied.

8

26.     It is admitted that this answering Defendant issued citations to Plaintiff for operating a vehicle on a public roadway bearing an expired registration plate; and failing as required by North Carolina law when approached and addressed by a law enforcement officer, to declare that he was then in possession of a concealed .45 caliber loaded semi-automatic pistol for which he held a concealed carry permit.  Except as admitted, the remaining allegations contained in Paragraph 26 are denied.

27.     The allegations contained in Paragraph 27 of the Amended Complaint are denied.

28.     It is admitted that Officer Pietras informed the Plaintiff that he was not going to take the Plaintiff to jail but that the black Israel Weapon Industries Desert Eagle .45 caliber semi-automatic pistol would be confiscated and that a judge would tell Plaintiff the terms upon which he could regain possession of the weapon.  It is further admitted that the .45 caliber semi-automatic pistol was maintained in police custody and placed into evidence pending resolution of the citation for failing to disclose the concealed handgun and valid concealed carry permit.  Except as admitted, denied.

29.     It is admitted that Plaintiff was cited and released, but that his semi-automatic pistol was maintained in police custody and placed into evidence pending resolution of the citation for failing to disclose the concealed handgun and valid concealed carry permit.  Except as admitted the remaining allegations contained in Paragraph 29 are denied.

30.     The allegations in Paragraph 30 of the Amended Complaint are admitted.

9

31.     The allegations contained in Paragraph 31 of the Amended Complaint are denied.

32.     It is admitted upon information and belief that the citations issued to Plaintiff on May 4, 2010 were dismissed, and that the order of dismissal concerning these citations speaks for itself and is the best evidence of its contents.  This answering Defendant lacks sufficient information to form a belief as to the specific circumstances of the dismissal of the citations.  The allegations contained in Paragraph 32 are denied to the extent that they assert or imply that the citations issued to Plaintiff were unsupported by probable cause.  Except as admitted, the remaining allegations contained in Paragraph 32 are denied.

33.     The allegations contained in Paragraph 33 are directed towards a Defendant other than this answering Defendant.  Defendant Pietras does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore said allegations are denied for lack of information or belief.

34.     It is denied that this answering Defendant, or Defendant DeLeo, grabbed Plaintiff's arms or forcibly removed Plaintiff from his vehicle.  It is admitted that after Plaintiff failed to declare that he possessed a concealed semi-automatic pistol, this answering Defendant, in a manner consistent with is law enforcement training, maintained physical contact with Plaintiff to make sure that he exited his vehicle safely.  It is further admitted that Plaintiff was briefly and reasonably detained during an investigation supported by reasonable suspicion and probable cause.  Except as admitted, the remaining allegations contained in Paragraph 34 are denied.

35.     It is admitted that probable cause existed to make a custodial arrest of Plaintiff and that Defendant Pietras conducted a brief and reasonable pat-down search of Plaintiff's person for additional concealed weapons or contraband on May 4, 2010. These allegations are expressly denied to the extent that they assert or imply that Defendant Pietras conducted an illegal or unlawful search of Plaintiff's person. Except as admitted, the remaining allegations contained in Paragraph 35 are denied.

36.     It is expressly denied that Defendant Pietras conducted a search of Plaintiff's vehicle. In further response to the allegations contained in Paragraph 36 of the Amended Complaint, it is admitted that after Plaintiff failed to declare that he possessed a concealed semi-automatic pistol, Officer DeLeo removed and secured a loaded black Israel Weapon Industries Desert Eagle .45 caliber semi-automatic pistol and two loaded magazines from beneath the center arm rest of Plaintiff's vehicle. These allegations are denied to the extent that they assert or imply that Officer DeLeo conducted an illegal or unlawful search of Plaintiff's vehicle. Except as admitted, the remaining allegations contained in Paragraph 36 are denied.

37.     It is admitted that Plaintiff was cited and released, but that his semi-automatic pistol was maintained in police custody and placed into evidence pending resolution of the citation for failing to disclose the concealed handgun and a valid concealed carry permit. Except as expressly admitted, the remaining allegations contained in Paragraph 37 are denied.

38.     It is admitted that at all times relevant herein, defendant Pietras acted in a manner consistent with his training and job duties as an employee of the City of Raleigh

Police Department. Except as admitted, the remaining allegations contained in Paragraph 38 are denied.

39.     It is admitted that all times relevant herein, this answering Defendant was acting in a manner consistent with his job duties as employees of the City of Raleigh Police Department. These allegations are denied to the extent that they assert or imply that the Defendants acted pursuant to any common agreement, understanding, or goal intended or reasonably likely to violate Plaintiff's rights in any way. Except as admitted, the remaining allegations contained in Paragraph 39 are denied.

40.     The allegations contained in Paragraph 40 of the Amended Complaint are denied.

## FIRST CLAIM FOR RELIEF
### Unreasonable Search and Seizure

41.     Defendant Pietras realleges and incorporates herein by reference his responses to Paragraphs 1 through 40 of the Amended Complaint as if fully restated herein.

42.     The allegations contained in Paragraph 42 of the Amended Complaint are denied. It is expressly denied that Plaintiff's Fourth Amendment rights were violated by Defendant Pietras.

43.     The allegations contained in Paragraph 43 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

44.     The allegations contained in Paragraph 44 of the Amended Complaint are denied.

45.     The allegations contained in Paragraph 45 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

46.     The allegations contained in Paragraph 46 of the Amended Complaint are not directed toward Defendant Pietras and therefore no response is required.  To the extent that a response is deemed required, Defendant Pietras does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 46, and therefore said allegations are denied.

47.     The allegations contained in Paragraph 47 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

48.     The allegations contained in Paragraph 48 of the Amended Complaint are denied.  It is expressly denied that Plaintiff is entitled to recover damages from Defendant Pietras.

49.     The allegations contained in Paragraph 49 of the Amended Complaint are denied.  It is expressly denied that Plaintiff is entitled to recover attorney's fees and/or costs.

13

## SECOND CLAIM FOR RELIEF
## Violation of Right to Keep and Bear Arms and Due Process of Law

50.     Defendant Pietras realleges and incorporates herein by reference his responses to Paragraphs 1 through 49 of the Amended Complaint as if fully restated herein.

51.     The allegations contained in Paragraph 51 are denied.

52.     The allegations contained in Paragraph 52 are denied.

53.     The allegations contained in Paragraph 53 are not directed towards this answering Defendant, and accordingly, no response is required.  To the extent that a response is deemed required, Defendant Pietras does not have sufficient information to form a belief as to the truth of the allegations contained therein, and therefore said allegations are denied.

54.     The allegations contained in Paragraph 54 of the Amended Complaint are denied.

55.     The allegations contained in Paragraph 55 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

56.     The allegations contained in Paragraph 56 of the Amended Complaint are denied.

57.     The allegations contained in Paragraph 57 of the Amended Complaint are denied.

58.     The allegations contained in Paragraph 58 of the Amended Complaint are denied.

59.     The allegations contained in Paragraph 59 of the Amended Complaint are denied.

60.     The allegations contained in Paragraph 60 of the Amended Complaint are denied.  It is expressly denied that Plaintiff is entitled to attorney fees and costs.

## THIRD CLAIM FOR RELIEF
### Trespass by Public Officer

61.     Defendant Pietras realleges and incorporates herein by reference his responses to Paragraphs 1 through 60 of the Amended Complaint as if fully restated herein.

62.     The allegations contained in Paragraph 62 of the Amended Complaint are denied.

63.     The allegations contained in Paragraph 63 of the Amended Complaint are denied.

64.     The allegations contained in Paragraph 64 of the Amended Complaint are denied.

65.     The allegations contained in Paragraph 65 of the Amended Complaint are denied.

66.     The allegations contained in Paragraph 66 of the Amended Complaint are denied.

67.     The allegations contained in Paragraph 67 of the Amended Complaint are denied.

68.     The allegations contained in Paragraph 68 of the Amended Complaint are denied.  It is expressly denied that Plaintiff is entitled to recover compensatory damages due to any conduct of Defendant Pietras.

69.     The allegations contained in Paragraph 69 of the Amended Complaint are denied.  It is expressly denied that Plaintiff is entitled to recover punitive damages due to any conduct of Defendant Pietras.

## FOURTH CLAIM FOR RELIEF
### Negligence and Gross Negligence

70.     Defendant Pietras realleges and incorporates herein by reference his responses to Paragraphs 1 through 69 of the Amended Complaint as if fully restated herein.

71.     The allegations contained in Paragraph 71 of the Amended Complaint are denied.

72.     The allegations contained in Paragraph 72 of the Amended Complaint are denied.

73.     The allegations contained in Paragraph 73 of the Amended Complaint are denied.

74.     The allegations contained in Paragraph 74 of the Amended Complaint are not directed toward Defendant Pietras and therefore no response is required of Defendant

Pietras. To the extent that a response is deemed required, the allegations contained in Paragraph 74 are denied.

75. The allegations contained in Paragraph 75 of the Amended Complaint are denied.

76. The allegations contained in Paragraph 76 of the Amended Complaint are denied. It is expressly denied that Plaintiff is entitled to recover compensatory damages due to any conduct of Defendant Pietras.

77. The allegations contained in Paragraph 77 of the Amended Complaint are denied.

## FIFTH CLAIM FOR RELIEF
### Malicious Prosecution

78. Defendant Pietras realleges and incorporates herein by reference his responses to Paragraphs 1 through 77 of the Amended Complaint as if fully restated herein.

79. The allegations contained in Paragraph 79 of the Amended Complaint are denied.

80. The allegations contained in Paragraph 80 of the Amended Complaint are denied.

81. It is admitted upon information and belief that the citations issued to Plaintiff on May 4, 2010 were dismissed, and that the order of dismissal concerning these citations speaks for itself and is the best evidence of its contents. This answering Defendant lacks sufficient information to form a belief as to the specific circumstances of

the dismissal of the citations. The allegations contained in Paragraph 81 are denied to the extent that they assert or imply that the citations issued to Plaintiff were unsupported by probable cause. Except as admitted, the remaining allegations contained in Paragraph 81 are denied.

82. The allegations contained in Paragraph 82 of the Amended Complaint are denied. It is expressly denied that Plaintiff has suffered compensable damages as a result of any conduct of Defendant Pietras.

83. The allegations contained in Paragraph 83 of the Amended Complaint are denied. It is expressly denied that Plaintiff has suffered compensable damages as a result of any conduct of Defendant Pietras.

84. The allegations contained in Paragraph 84 of the Amended Complaint are denied. It is expressly denied that Plaintiff is entitled to punitive damages as a result of any conduct of Defendant Pietras.

85. Plaintiff's Prayer for Relief speaks for itself. It is admitted that Plaintiff has alleged that he seeks a jury trial in this action. Except as admitted herein, the allegations are denied.

86. Except as specifically admitted herein, each and every allegation contained in Plaintiff's Amended Complaint, including Plaintiff's Prayer for Relief, is denied.

## SECOND DEFENSE

Defendant Pietras' actions on May 4, 2010, were valid, lawful, reasonable, and supported by reasonable suspicion, probable cause, and just cause. Reasonable suspicion, probable cause, and just cause are pled in bar of this action.

## THIRD DEFENSE

Defendant Pietras' actions on May 4, 2010, were in accordance with the law, including the laws applicable to search, seizure and due process. Defendant Pietras pleads his lawful conduct in bar to Plaintiff's claims.

## FOURTH DEFENSE

Defendant Pietras alleges that at all times relevant to this action, he was acting as an agent of the City of Raleigh, and that he acted without malice and in the good faith belief that his duties were carried out in accordance with the laws and Constitution of the United States and North Carolina, and is therefore protected by the doctrine of qualified immunity as to Plaintiff's claims.

## FIFTH DEFENSE

Defendant Pietras was acting at all relevant times in the course and scope of his duties as a sworn law enforcement officer, engaging in discretionary and governmental functions, and he is entitled to all immunities applicable to a public officer or official, including but not limited to the common law defense of good faith and public official's immunity.

## SIXTH DEFENSE

Defendant Pietras pleads the defense of governmental or sovereign immunity in bar of any claims against him in his official capacity.

## SEVENTH DEFENSE

Defendant Pietras pleads all applicable immunities to which he is entitled by operation of law in bar of Plaintiff's claims.

19

**EIGHTH DEFENSE**

Plaintiff's action is barred by N.C. Gen. Stat. § 15A-231.

**NINTH  DEFENSE**

Legal justification is pled as an affirmative defense in bar of Plaintiff's right to recover in this action.

**TENTH DEFENSE**

Defendant Pietras' conduct was privileged; therefore Plaintiff is barred from any recovery.

**ELEVENTH DEFENSE**

At the time of the incident, Defendant Pietras had a reasonable belief that his conduct was appropriate under the circumstances, and thus Plaintiff is barred from any recovery.

**TWELFTH DEFENSE**

Officer Pietras and, upon information and belief Officer DeLeo, and Ms. Lancaster, complied in good faith with all applicable laws and regulations and, having so complied, acted without improper motive.  Any injury accruing to Plaintiff, the existence of which is specifically denied, is therefore not actionable as to Defendant Pietras.

**THIRTEENTH DEFENSE**

At all times referred to in the Amended Complaint, Defendant Pietras' alleged conduct was a necessity under the circumstances then existing and created by Plaintiff and his actions, and necessity is plead in bar of any right which Plaintiff might otherwise have to recover herein.

20

## FOURTEENTH DEFENSE

As a further affirmative defense, Plaintiff's own actions caused any injuries or damages he may have sustained, and that Plaintiff failed to prevent and/or mitigate his own damages in that he specifically ignored and defied the laws of the State of North Carolina. Defendant Pietras asserts that these acts on the part of Plaintiff were a direct and proximate cause of any purported injuries or damages allegedly sustained by Plaintiff, and are specifically pled as the cause of Plaintiff's alleged injuries and damages and are further specifically pleaded as a failure by Plaintiff to avoid and/or mitigate damages in bar of any right which Plaintiff might otherwise have to recover in this action.

## FIFTEENTH DEFENSE

Plaintiff willfully and knowingly failed to follow known and existing law, which was a direct and proximate cause of any injuries he may have sustained, and is therefore barred from any recovery in this action.

## SIXTEENTH DEFENSE

Plaintiff willfully and intentionally failed to follow known and existing law, which caused the alleged incident. This provocation is pled as an affirmative defense in bar of Plaintiff's recovery, if any, in this action.

## SEVENTEENTH DEFENSE

In the alternative, if Defendant Pietras was negligent or grossly negligent, which is expressly denied, then Plaintiff by his own negligence and gross negligence contributed to the injuries and damages described in the Amended Complaint in the following manner:

21

a. In violation of North Carolina law, when approached by a law enforcement officer, Plaintiff failed to declare to Officer Pietras that he was in immediate possession of a concealed .45 caliber loaded semi-automatic pistol for which he held a concealed carry permit;

b. Plaintiff operated a vehicle on a public roadway bearing an expired registration plate; and

c. Plaintiff was negligent and grossly negligent in other ways that will be revealed in discovery and shown at trial.

Plaintiff through his own negligence and gross negligence, knowingly exposed himself to circumstances and conditions which he now alleges proximately caused or contributed to the damages or losses upon which he seeks to recover from Defendant Pietras. Thus, Defendant Pietras specifically pleads Plaintiff's contributory negligence and gross contributory negligence in bar of any right to recover in this action.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTEENTH DEFENSE

Plaintiff's claim for punitive damages, as against Defendant Pietras in his official capacity, fails to state a claim upon which relief may be granted because punitive damages are not available against a municipal employee when sued in his official capacity.

## TWENTY DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, by the limitations on punitive damages set out in Chapter 1D of the North Carolina General Statutes. Further, Defendant Pietras moves for a bifurcated trial pursuant to N.C. Gen. Stat. § 1D-30.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages is in violation of the Constitution of the United States in that it seeks to deprive Defendant Pietras of property without due process of law, violates the Constitution's provisions concerning equal protection, and violates the Constitution's prohibition against the imposition of excessive fines.

## TWENTY-SECOND DEFENSE

As adequate State remedies exist for the matters described in the Complaint, Plaintiff's claims pursuant to the North Carolina Constitution are barred as a matter of law.

## TWENTY-THIRD DEFENSE

Defendant Pietras, to the extent that he is sued in his official capacity, is not the real party in interest, and this matter should be prosecuted in the name of the City of Raleigh, rather than in the name of Defendant Pietras in his official capacity, in accordance with Rule 17 of the Federal Rules of Civil Procedure.

## TWENTY-FOURTH DEFENSE

Plaintiff's Amended Complaint fails to state, in whole or in part, a claim against Defendant Pietras upon which relief may be granted.

23

## ADDITIONAL DEFENSES

Defendant Pietras reserves the right to amend his Answer and assert additional affirmative defenses as the claims of Plaintiff are more fully disclosed during the course of this litigation.

WHEREFORE, having answered each and every allegation contained in the Plaintiff's Amended Complaint, Defendant Pietras prays the Court as follows:

1.      That Plaintiff have and recover nothing from this answering Defendant;

2.      That Plaintiff's Prayer for Relief be denied in its entirety;

3.      That the costs of this action, including, but not limited to reasonable attorney's fees, be taxed against the Plaintiff;

4.      Defendant Pietras requests a trial by jury; and

5.      That the Court grant Defendant Pietras such other and further relief as it deems just and proper.

Respectfully submitted, this the 25th day of July, 2011.

JACKSON LEWIS LLP

BY:     /s/ Patricia L. Holland
        PATRICIA L. HOLLAND
        State Bar No. 8816
        PAUL S. HOLSCHER
        State Bar No. 33991
        Attorneys for Defendant D. M. Pietras
        1400 Crescent Green, Suite 320
        Cary, North Carolina 27518
        Telephone:  919-424-8608
        Facsimile:  919-854-0908
        E-Mail: patricia.holland@jacksonlewis.com
        E-Mail: paul.holscher@jacksonlewis.com

24

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:11-CV-00314-FL

| | | |
|---|---|---|
| David Timothy Faircloth, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| D.M. Pietras, Wendy Lancaster, Robert | ) | |
| DeLeo, each in their individual and | ) | |
| official capacities, and the City | ) | |
| of Raleigh, | ) | |
| | ) | |
| Defendants. | ) | |

I hereby certify that on July 25, 2011, I electronically filed the foregoing *Answer of Defendant D.M. Pietras to Plaintiff's Amended Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dan L. Hardway (dan@hardwaylaw.com)
Hunt K. Choi (hunt.choi@ci.raleigh.nc.us)
Nicolette Fulton (Nicolette.Fulton@raleighnc.us)
Kathrine E. Fisher (kfisher@ymwlaw.com)
Cathleen M. Plaut (cplaut@bdixon.com)

25

JACKSON LEWIS LLP

BY:   <u>/s/ Patricia L. Holland</u>
PATRICIA L. HOLLAND
State Bar No. 8816
PAUL S. HOLSCHER
State Bar No. 33991
Attorneys for Defendant D.M. Pietras
1400 Crescent Green, Suite 320
Cary, North Carolina 27518
Telephone: 919-424-8608
Facsimile: 919-854-0908
E-Mail: patricia.holland@jacksonlewis.com
E-Mail: paul.holscher@jacksonlewis.com

4810-6935-9369, v. 1