IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-00314-FL

| | |
|---|---|
| DAVID TIMOTHY FAIRCLOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **CONSENT** |
| D.M. PIETRAS, WENDY LANCASTER, ) | **PROTECTIVE ORDER** |
| ROBERT DELEO, each in their individual and ) | |
| official capacities, and THE CITY OF ) | |
| RALEIGH, ) | |
| ) | |
| Defendants ) | |

THE PLAINTIFF DESIRES to inspect and copy documents contained within the Raleigh Police Department training files of Defendants Pietras, DeLeo, and Lancaster, who are current City of Raleigh employees. Said documents are maintained by the City of Raleigh as personnel records and, pursuant to N.C. Gen. Stat. § 160A-168, may be disclosed only under court order. The City of Raleigh and Plaintiff, David Timothy Faircloth, now seek an order of protection in compliance with N.C. Gen. Stat. § 160A-168.

Upon joint motion of the Plaintiff and the City of Raleigh [D.E. 40], IT IS HEREBY ORDERED THAT:

1. Personnel information is information which concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b)

1

evaluations, (c) audio or video recordings, (d) internal or external investigation materials and reports, and (e) any other similar documents.

2. Any personnel information or personnel file document obtained in this action which is asserted by the City of Raleigh to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER" or a comparable notice. (Such information shall be disclosed at any hearing only to Court personnel and to counsel for the parties and their employees.) The City of Raleigh may, prior to disclosure of any personnel file documents, redact personal identifying information including but not limited to home addresses, telephone numbers, dates of birth, social security numbers, and the identity of family members. If at any time a party objects to the designation of a document or information as being confidential, the objecting party shall notify the designating party in writing. The objecting party shall identify the information or document in question, and shall specify in reasonable detail the reason or reasons for the objection. Within five calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. If the designating party and the objecting party cannot resolve their differences, either party may apply to the Court for a ruling. The confidentiality of the information shall be maintained until the Court rules otherwise.

3. In the absence of written permission from the City of Raleigh or its designee, or by an order by the Court, any confidential personnel information or personnel documents obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:

    (i)    The Court and the employees thereof;

    (ii)    Court reporters and stenographers engaged for the taking of testimony;

(iii) The parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel;

(iv) Experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party;

(v) During the course of a deposition or trial testimony, any witness, potential witness, deponent or potential deponent in this action. Any party may request that the witness or deponent agree on the record to be bound by this order, and if the witness or deponent refuses, the requesting party may request a delay pending a motion to the Court; provided, however, that witnesses may see their own personnel records. Nothing in this Order is intended to interfere with an individual employee's right to examine his personnel file to the extent permitted by law;

(vi) Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of such information, provided that the contractor is advised that the documents are subject to a protective order; and

(vii) Any jurors or alternate jurors that may be empanelled for purposes of trial.

4. Personnel documents or information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(iv) through 3(vii) unless he or she shall have first read this Order and shall have agreed, by signing an undertaking in the form of Exhibit A hereto. No person designated in paragraph 3(iv) through 3(vii) receiving personnel documents pursuant to this Order shall be permitted to retain personnel documents or copies thereof in their possession.

3

5.  If the Court orders, or if the City of Raleigh or its designee agrees, that access to, or dissemination of, documents or information obtained as confidential personnel information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6.  Any confidential personnel documents or information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this action containing any confidential, personnel information submitted pursuant to paragraph 2 shall be bound separately and filed under seal. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any confidential personnel information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them: "PERSONNEL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment

4

presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

7. If confidential personnel documents information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to retrieve any documents or information disseminated and to prevent further disclosure by it or by the person who was the recipient of such information.

8. Upon final adjudication of this action, all confidential personnel documents or information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be (a) returned to counsel for the defendant City of Raleigh or (b) the same (including copies made and/or computer materials made or stored) shall be destroyed. Each party, however, shall be permitted to retain copies of Court filings containing such documents, deposition transcripts and all of their respective work product, which shall continue to be subject to the provisions of this Order.

SO ORDERED, this the 23rd day of March, 2012.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order for Defendants' Personnel Records (the "Protective Order") dated _____, 2012 in *Faircloth v. Pietras, et al.* filed in the United States District Court for the Eastern District of North Carolina Western Division, Case no. 5:11-CV-00314-FL, and agree that I:

    (1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order;

    (2) will not reveal any information provided to me under the terms of this Protective Order to anyone other such persons designated in paragraph 3 of this Order; and

    (3) will utilize such confidential information solely for purposes of this litigation.

I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct this the _____ day of _____, 20_____.

_____
Signature
_____
Printed Name
_____
Address
_____
Position